McClintock v. Sutherland, Auditor, etc.

1. Taxes: AMOUNT COLLECTIBLE FOR ADVERTISING DELINQUENT TRACTS. Under section 4, chapter 24, acts extra session of the Eighth General Assembly, construed in connection with section 764, Revision of 1860, and section 2, chapter 115, Laws of Tenth General Assembly, the treasurer is authorized to collect of delinquents twenty cents for each tract advertised.

2. But where several lots or tracts are assessed together, a gross amount of tax levied thereon, and so advertised, they will be regarded as constituting but one tract, and liable for but one advertising fee.

*Appeal from Fayette District Court.*

MONDAY, DECEMBER 18.

PETITION for a writ of mandamus to compel defendant to accept the amount of plaintiff's tender for redemption from tax sale, and to execute and deliver a certificate of redemption.

Judgment for plaintiff. Defendant appeals. The facts are stated in the opinion.

*Rickel* and *Fuller* for the appellant.

*Ainsworth & Miller* for the appellee.

DAY, J.— For the purpose of determining the matters in controversy, the counsel of the respective parties submitted the cause to the court below upon the following agreement of facts, to wit:

" Lots Nos. 30, 31, 32 and 33 in block No. 1 in the village of North Auburn, Fayette county, Iowa, are owned by plaintiff, are unoccupied and unimproved, and lay adjoining each other. That for the year 1868 they were assessed together, and one amount of tax levied upon the whole, to wit: Sixty-two cents. Said tax being unpaid

and delinquent, said lots were duly advertised in the year 1869, for the tax aforesaid, by publishing the same in a weekly newspaper in said county. Said advertisement being published in said paper as follows, to wit:

| North Auburn. | Tax. | Int. | Costs. |
|---|---|---|---|
| Lots Nos. 30, 31, 32 and 33, block one.. | 62 | 10 | 80 |

The county of Fayette, without the treasurer having made any special contract with the publisher of said newspaper, paid said publisher the 80 cents so charged up as costs against said lots, which amount was collected from the purchaser, and charged upon the sale book, and plaintiff was required to pay such costs in order to redeem the same.

The plaintiff being the owner of said lots was entitled to redeem from said tax sale, by paying the tax, penalty, interest and costs legally due thereon, which defendant claimed amounted to $3.38, which included said sum of 80 cents for costs of advertising; but plaintiff insisted that there was but $3.00 due upon said land for taxes, penalty, interest and costs, for the reason that defendant had no right to tax more than ten cents for costs of advertising the whole of said lots; and, at the same time, to wit: On the 17th day of May, 1872, tendered the defendant the sum of $3.00 in full for the redemption thereof, including certificate of redemption, of all of said lots, which defendant refused for the reason that said sum was short 38 cents of covering the amount necessary to redeem, and insisted that he had the right to demand the sum of 20 cents for each description as advertised."

Section 764 of the Revision (chap. 164, acts regular session, Eighth General Assembly) directs the treasurer to charge and collect, in addition to the taxes and interest, the sum of twenty cents on each tract of real property advertised for sale. By section 4, chapter 125, extra session Eighth General Assembly, this amount was fixed at " a sum not exceeding ten cents."

Section 2, chapter 115 of the Laws of the Tenth General Assembly, fixes the compensation for printing the delinquent tax list at the rate of twenty cents for each tract of real property advertised for sale.

As a result of these statutes, appellee insists that whilst the county treasurer is required to pay *twenty cents* for each tract of real property advertised, yet he can collect of the delinquent therefor only *ten cents*.

We cannot admit this to be the proper construction. It would be strange legislation which would require a county to pay out in efforts to collect taxes more than can be recovered of the delinquent.

These various statutes must be considered together, and that of the regular session of the Eighth General Assembly is to be regarded as repealed only so far as it is inconsistent with the last act above named.

Section 4, chap. 24, acts extra session Eighth General Assembly, provides that " the county shall pay the cost of publication. * * * And in no case shall the county be liable for more than the amount charged to the delinquent lands for advertising." This provision, in connection with section 764 of the Revision, and section 2, chapter 115, Laws Tenth General Assembly, clearly authorize the treasurer to collect of the delinquent tax payer twenty cents for each tract of his real property advertised for sale.

Appellee further claims that the land, as advertised, constitutes but one tract, within the meaning of the statute. This position we believe to be correct.

The four lots are situated in the same block, and they lie contiguous. They were assessed together, and a gross amount of tax was levied upon them. Section 764 of the Revision provides that the advertisement shall state the " amount of interest and costs against each tract." Now, if each of these lots should be regarded a distinct tract, it would be impossible to observe this requirement of the law, for no tax was assessed against them separately.

Vol. XXXV.— 62

II. Appellant urges that mandamus is not the appropriate remedy. However this may be, it is apparent from the record that this question was not raised in the court below. It will not, therefore, be considered here. *Peck* v. *Hendershott*, 14 Iowa, 40 ; *Finley* v. *Brown et al.*, 22 id. 538 ; *Barlow, Wood & Co.* v. *Brock*, 25 id. 308.

Affirmed.